[L. A. No. 17185.   In Bank.—August 3, 1939.]

E. W. CULLIN, Respondent, v. C. E. FOXLEY, Appellant.

C. E. Foxley, *in pro. per.*, for Appellant.

W. E. Schreyer for Respondent.

SHENK, J.—Motion to dismiss the appeal on the ground that it was taken too late.

The moving papers show that the action was brought to foreclose a mortgage on real property executed by the defendant Foxley.   Judgment of foreclosure was entered on May 28, 1938, and written notice of entry of judgment was served on June 4, 1938, and filed on June 6, 1938.   On June 14, 1938, the defendant filed a notice of intention to move for a new trial as to which no decision has ever been made by the trial court.   The defendant filed a notice of appeal from the judgment on April 6, 1939.

The certificate of the clerk of the trial court, dated May 10, 1939, attached to the moving papers states that no proposed bill of exceptions had been filed, that there had been

no request to prepare transcript pursuant to section 953a of the Code of Civil Procedure, and that no proceedings were pending for the settlement of any transcript or bill.

The motion was heard on June 6, 1939. It was then brought to the attention of this court that the clerk's transcript (since filed herein on June 10, 1939), showed that on July 2, 1938, there was directed to and served on the plaintiff and her attorney, and on the commissioner appointed by the superior court in the foreclosure proceedings, an "Order staying proceeding in State Court", issued by the conciliation commissioner of the United States District Court for the Southern District of California, Central Division. That order recites that on the first day of July the defendant herein deposited with the conciliation commissioner a petition under section 75 of the federal Bankruptcy Act (U. S. C. A., tit. 11, sec. 203). The order conveyed notice that thereupon said District Court acquired exclusive jurisdiction of the debtor and the debtor's property, and enjoined and restrained the plaintiff, her attorneys and agents, and said commissioner, from further proceeding with the pending case of *Cullin* v. *Foxley*, and from "in any other manner interfering or attempting to interfere by judicial sale or otherwise with the debtor's property or debtor until the further order of this court".

On February 6, 1939, upon the petition of the conciliation commissioner the judge of said United States District Court dismissed the proceeding pending in said court.

Subsequently and on April 6, 1939, as noted, the defendant herein filed the notice of appeal. On the oral argument it was the contention of the defendant that because of the service of the stay order on the plaintiff, her attorneys, and the commissioner, the sixty-day period denoting the automatic termination of the new trial proceedings, as provided by section 660 of the Code of Civil Procedure, did not expire until March 9, 1939; therefore that the appeal was taken within the thirty days prescribed by section 939 of the same code.

Whether this contention may be accepted as correct depends on the effect to be given to the stay order pursuant to the pertinent provisions of the Bankruptcy Act.

Section 75 of the Bankruptcy Act, in subdivision (n), provides that the filing of the petition "shall immediately subject the farmer and all his property, wherever located, for

all the purposes of this section, to the exclusive jurisdiction of the court . . . ''. Subdivision (o) following provides: ''Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposed by the court: . . . '' Then follows a list of various proceedings, amongst which appears ''Proceedings for foreclosure of a mortgage on land'' and '' . . . sale or other proceedings under an execution or under any . . . Mortgage''. Subsection (p) reads: ''The prohibitions of subsection (o) shall apply to all judicial or official proceedings in any court or under the direction of any official and shall apply to all creditors, public or private, and to all of the debtor's property wherever located. All such property shall be under the sole jurisdiction and control of the court in bankruptcy, and subject to the payment of the debtor farmer's creditors, as provided for in this section.''

A question of the state court's jurisdiction arising under the foregoing sections was considered in the case of *Lehmer* v. *Scott & Borden*, 28 Cal. App. (2d) 128 [82 Pac. (2d) 41]. In that case the debtor farmer had filed a petition under section 75 of the Bankruptcy Act. Subsequently and while that proceeding was pending, he commenced an action in the state court to recover damages for failure to discharge of record an allegedly fully satisfied crop mortgage, and similar relief. The court dismissed the action on the ground of lack of jurisdiction by reason of the pendency of the bankruptcy proceedings. On appeal it was held that the dismissal was erroneous. The consideration there given to the foregoing sections of the Bankruptcy Act led to the conclusion that the prohibitions therein had reference to the administrative control of the debtor's property and to proceedings *against the farmer* or his property, and did not include proceedings brought for relief on his behalf or to collect assets or enforce obligations due to him.

Similarly, in the present case, the prohibitory language in the sections referred to and in the injunctive or stay order

could be directed only to the further steps the objective of which would be to deprive the bankrupt or his estate of the title to or possession of the property involved. There is no direction in the language of the sections nor in the stay order which could be interpreted as a restriction upon the bankrupt to pursue any remedy in the state courts, by appeal or otherwise, looking to a recovery or conservation of his property. In fact the stay order laid no injunction upon the defendant. It was directed only to the plaintiff, her attorneys, and to the commissioner appointed to sell the mortgaged property, and enjoined the sale or other disposition of the mortgaged property and any interference with the debtor or his property. There was nothing, either in the language of the Bankruptcy Act or in the order served herein, to prevent the defendant from diligently pursuing what was thus to his advantage, namely, the prosecution of the appeal from the judgment of foreclosure. Had he done so, it could not have been said that the provisions of the act or of the order would have been violated. It follows that the appeal herein was not taken within the time provided by the pertinent code sections.

The motion is granted and the appeal is dismissed.

Houser, J., Edmonds, J., and Curtis, J., concurred.

Rehearing denied.